# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-275 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| CRAWFORD COUNTY | ) | |
| CORRECTIONAL FACILITY, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the partial motion to dismiss filed by Defendant Moran [ECF No. 54] be granted and the partial motion to dismiss filed by the Interim Healthcare Defendants [ECF No. 55] be granted. The claims against these Defendants at Count III of the Amended Complaint should be dismissed with prejudice.

It is further recommended that the partial motion to dismiss filed by the Crawford County Defendants [ECF No. 57] be granted in part and denied in part. The claims against all the Crawford County Defendants at Count I should be dismissed with prejudice; the claims against Defendants Lewis, Saulsbery, Ward, Preston and Allen at Count II should be dismissed with prejudice; and the claims against Crawford County Correctional Facility at Count II should survive the pending motion.

It is further recommended that Plaintiff's motion for leave to file a second amended complaint [ECF No. 60] should be denied.

1

**II.     REPORT**

   **A.  Relevant Procedural History**

Plaintiff, formerly a pretrial detainee confined at the Crawford County Correctional Facility in Meadville, Pennsylvania, filed this civil rights action on November 18, 2010. In his counseled complaint, Plaintiff alleges that Defendants violated his constitutional rights in several ways.

Originally named as Defendants were: Crawford County Correctional Facility (hereinafter referred to as "CCCF"); Warden Tim Lewis; Deputy Warden Kenneth Saulsbery; Correctional Officer Schrekengost; Lt. Shinko, Interim Healthcare of Erie; Nurse Deanna Halbrook, Nurses John and Jane Doe; Morris Waid, Jack Preston and Sherman Allen, Commissioners of Crawford County; and Dr. Rick Moran.[1]

In his Original Complaint, Plaintiff raised six counts:

   I       § 1983 and Fourteenth Amendment violation – "Refusal and/or purposeful failure to provide prescribed medications, and to treat Plaintiff and to timely take Plaintiff to emergency department and to provide him with medications or treatment thereafter"
               - against Defendants CCCF, Wardens Lewis and Saulsbery, Interim Healthcare of Erie, Inc., Nurses Halbrook and Does, and Dr. Moran

   II      "Supervisory Liability"
               - Against Defendants Warden Lewis, and Commissioners Waid, Preston, and Allen

   III     § 1983 and Fourteenth Amendment – "right to be free from conditions of confinement that are excessively harsh and/or punitive"

---

[1] Defendants Crawford County Correctional Facility, Wardens Lewis and Saulsbery, Officers Schrekengost and Shinko, and County Commissioners Waid, Preston, and Allen are represented by the Shafer Law Firm. These Defendants will be referred to hereinafter as the "Crawford County Defendants." Defendants Interim Healthcare of Erie, Inc., Nurses Halbrook and Does are represented by Know, McLaughlin, Gornall and Sennett, while Dr. Moran is represented by the Quinn Law Firm.

- Against all Defendants

    IV       § 1983 and Fourth and Eighth Amendment violations
- Against Defendant Schrekengost and "Wardens In supervisory liability"

    V       Attorney Fees, Costs and Expenses under § 1988
- presumably against all Defendants

    VI      Pendant State Tort Claims of Medical Malpractice
- Against Defendants Halbrook, Moran and Interim Healthcare of Erie

ECF No. 1.

All Defendants initially filed motions to dismiss upon which this Court issued a Report and Recommendation on November 21, 2011. In that Report and Recommendation, I recommended: 1) that Count I remains against the Interim Healthcare Defendants and Defendant Moran, but should be dismissed against the CCCF Defendants for failure to allege personal involvement; 2) Count II be dismissed as against all Defendants for failure to state a claim based specifically upon Plaintiff's failure to name an entity-defendant; 3) Count III remain against the named CCCF Defendants, but be dismissed against the Interim Healthcare Defendants and Defendant Moran for failure to allege their personal involvement; and 4) Counts IV, V, and VI remain. ECF No. 37. District Judge McLaughlin adopted the Report and Recommendation with one exception – to wit, he allowed Plaintiff ten days in which to file an amended complaint as to Count II. ECF No. 52.

On February 6, 2012, Plaintiff filed his First Amended Complaint, entitling Count II as "Liability Pursuant Monell Claim against Crawford County Correctional Pursuant Monell and, in Supervisory Liability to the extent permitted, Against Wardens Lewis and Deputy Warden Saulsbery and Facility Board Member Commissioners Waid, Preston and Allen." ECF No. 53, page 20.

In response to the First Amended Complaint, each set of Defendants has filed a motion to dismiss. The Crawford County Defendants move to dismiss the First Amended Complaint because it does not comply with the Court's order: 1) as Count I against the Crawford County Defendants was previously dismissed; and 2) it does not name a proper entity-defendant at Count II. ECF No. 57. Dr. Moran moves to dismiss the Count III of the First Amended Complaint and to amend the caption at Count III pursuant to this Court's previous Report and Recommendation. ECF No. 54. And, the Interim Healthcare Defendants move to dismiss Count III of the First Amended Complaint for the same reason. ECF No. 55.

In response to the dispositive motions, Plaintiff filed a motion for leave to file a second amended complaint purportedly deleting allegations and Defendants previously dismissed from this action. ECF No. 60.

**B. Standard of Review - Motion to dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

5

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Crawford County Defendants' motion to dismiss

#### 1) Count I

The Crawford County Defendants seek dismissal of Count I against them as this issue was previously determined in the Report and Recommendation and Final Order. The motion to dismiss should be granted in this regard pursuant to the law of the case doctrine. See Pepper v. United States, ___ U.S. ___, ___, 131 S.Ct. 1229, 1250 (2011) (law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

#### 2) Count II

Next, the Crawford County Defendants seek the dismissal of Count II based upon Plaintiff's failure in the First Amended Complaint to comply with this Court's order directing the filing of an amended complaint.

At Count II of the Original Complaint, Plaintiff alleged "Supervisory Liability" against Warden Lewis and Commissioners Waid, Preston and Allen:

> 78. Defendants Lewis, Waid, Preston and Allen have a responsibility to devise, execute and implement policies and procedures to preserve the safety and health of the Facility inmates, these including procedures to provide adequate medical care and treatment to Plaintiff.
>
> 80. Defendants Lewis, Waid, Preston and Allen authorized, ratified, and/or condoned the policies or customs of not providing Plaintiff's previously prescribed medications to him at his arrival at the Facility and thereafter, of not transporting or otherwise treating Plaintiff under his circumstances, of improperly educating and training employees, agents and officers to do as they have

> wrongfully done under these circumstances, and of not following up on his care responsibly after his return from the Meadville Medical Center on November 22, 2008.
>
> 81. Alternatively, Lewis, Waid, Preston and Allen observed the serious threats of harm and their potential causes and failed to make corrective changes in policy as would be appropriate and would have assisted Plaintiff under the circumstances, including but not limited to permitting persons such as Plaintiff to be transported to the hospital and medicated according to their own doctors prescriptions.

ECF No. 1.

In recommending that the initial motion to dismiss be granted, I explained:

> Plaintiff has failed to state a claim against these named Defendants as supervisory officials can only be held liable if they played an "affirmative part" in the complained of conduct. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Rode, 845 F.2d at 1195.
>
> Although Plaintiff does not specifically articulate as much in either the Complaint or the opposition briefs, this claim reads like a Monell-type claim. See Monell, 436 U.S. 658. To state such a claim under § 1983, a plaintiff must allege that he was injured as a result of a policy or custom of any entity-defendant. Id. at 691.
>
> The law is clear that a Monell-type claim is only appropriate as to government-entity defendants and not individuals. See Vacek v. Pennsylvania Judicial Conduct Board, 2010 WL 831000, at *7 n.8 (W.D. Pa.); Moriarty v. Rendell, 2009 WL 1458201, at *3 (M.D. Pa.) ("The Monell standard, however, applies to the liability of municipalities, not individuals."). As Plaintiff has not named any entity-defendant at this Count, it should be dismissed.

ECF No. 37, page 15. District Judge McLaughlin allowed Plaintiff the opportunity to amend the complaint to name an entity-defendant. ECF No. 52.

At Count II, the Amended Complaint names "Crawford County Correctional [sic][2] pursuant [to] Monell and, in Supervisory Liability to the extent permitted, Against wardens Lewis and Deputy Warden Saulsbery and Facility Board Member Commissioners Waid, Preston and Allen." ECF No. 53, page 20.

---

[2] This Court assumes that Plaintiff intended to name Crawford County Correctional Facility.

There is no supervisory liability under § 1983 for either the Wardens or the Commissioners. Plaintiff cannot name an individual defendant based solely on supervisory liability, but, rather, he must show each defendant's personal involvement in the deprivation of his constitutional claims. This is true even if a named defendant is a supervisory prison official. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978)(superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). Accordingly, this Court recommends that the claims against Defendants Lewis, Saulsbery, Waid, Preston, and Allen at Count II be dismissed.

In his amendment, Plaintiff has identified Crawford County Correctional Facility as an entity-defendant at this Count. In order to state a viable claim under § 1983 against Crawford

County Correctional Facility, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S. 691. A "[p]olicy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (1990).

Plaintiff's Amended Complaint is sufficient to state a Monell-type claim against the Crawford County Correctional Facility in that he alleges that the Crawford County Correctional Facility has a policy of "failing to treat or medicate inmates" and has encouraged and acquiesced in "such conduct by failing to train, supervise, or discipline its staff and medical personnel." ECF No. 53, ¶ 75. See also id. at ¶ ¶ 79-103. Accordingly, the motion to dismiss should be denied in this regard.

### D. Motions to dismiss filed by Moran and the Interim Healthcare Defendants

Next, these Defendants seek dismissal of Count III against them as this issue was previously determined in the Report and Recommendation and Final Order. These motions to dismiss should be granted in this regard pursuant to the law of the case doctrine.

The claims against the Interim Healthcare Defendants and Defendant Moran at Count III should be dismissed with prejudice.

### E. Futility of amendment

This Court recommends that Plaintiff's motion to file a second amended complaint be denied. Plaintiff's motion for leave to file the second amended complaint explains that he has redrafted the proposed second amended complaint to delete references to claims previously dismissed from this action.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

As explained herein, the claims previously dismissed from this case are dismissed with prejudice as the law of the case. Plaintiff need not file a further amended complaint to reflect this; moreover, this would cause further delay in this case.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the partial motion to dismiss filed by Defendant Moran [ECF No. 54] be granted and the partial motion to dismiss filed by the Interim Healthcare Defendants [ECF No. 55] be granted. The claims against these Defendants at Count III of the Amended Complaint should be dismissed with prejudice.

It is further recommended that the partial motion to dismiss filed by the Crawford County Defendants [ECF No. 57] be granted in part and denied in part. The claims against all the

Crawford County Defendants at Count I should be dismissed with prejudice; the claims against Defendants Lewis, Saulsbery, Ward, Preston and Allen at Count II should be dismissed with prejudice; and the claims against Crawford County Correctional Facility at Count II should survive the pending motion.

It is further recommended that Plaintiff's motion for leave to file a second amended complaint [ECF No. 60] should be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 19, 2012